UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS CHRISTOPHER BOYD,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>DAVID MARTIN et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-01082-DGE-DWC<br><br>ORDER ON MOTION TO RE-OPEN CASE |

　　　　Presently before the Court is Plaintiff's motion to re-open this case.  (Dkt. No. 6.)  On July 20, 2023, Plaintiff filed a motion to voluntarily dismiss this case without prejudice.  (Dkt. No. 4.)  On July 21, 2023, the Court construed this as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and dismissed this case without prejudice.  (Dkt. No. 5.)  On November 7, 2023, Plaintiff filed a one sentence motion stating, "please re-open lawsuit."  (Dkt. No. 6.)

　　　　Rule 41(a)(1)(A)(i) provides an action may be voluntarily dismissed without a court order through the filing of "a notice of dismissal before the opposing party serves either an answer or a

ORDER ON MOTION TO RE-OPEN CASE - 1

motion for summary judgement." "[A] voluntary dismissal . . . is a judgment, order or proceeding from which Rule 60(b) relief can be granted." *In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995).

Rule 60(b) provides that on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.

Plaintiff's motion does not explain why he wants to re-open this case. In his motion for voluntary dismissal, Plaintiff stated he would not be able to receive his legal paperwork or personal belongings if he did not seek dismissal without prejudice. (Dkt. No. 4.) Plaintiff also stated he was reserving the right to re-open the case at a later time. (*Id.*)

While Plaintiff may seek relief under Rule 60(b), he must provide a reason for doing so. Despite his previous statements, he has not. Accordingly, Plaintiff's motion to re-open the case (Dkt. No. 6) is DENIED without prejudice.

Dated this 4th day of December, 2023.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO RE-OPEN CASE - 2